IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PATSY PILLA III,<br><br>      Petitioner,<br><br>  v.<br><br>SERGEANT SHOELL,<br><br>      Respondent. | **MEMORANDUM DECISION<br>& ORDER TO AMEND<br>DEFICIENT PETITION**<br><br>Case No. 2:20-CV-77-CW<br><br>District Judge Clark Waddoups |

Petitioner, Patsy Pilla III, an inmate at Utah State Prison, filed a *pro se* habeas-corpus petition, (ECF No. 1), under 28 U.S.C.S. § 2254 (2021) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that [Petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."). Reviewing the petition, the Court concludes Petitioner must cure deficiencies before proceeding further.

### DEFICIENCIES IN PETITION

Petition:

(a) lists respondent other than Petitioner's custodian.

(b) does not enumerate grounds supporting habeas relief.

(c) does not appear to observe federal habeas-corpus standard of review, stating:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.S. § 2254(d) (2021).

(d)  has claims possibly based on illegality of Petitioner's current confinement; however, petition apparently not submitted using legal help Petitioner entitled to by Petitioner's institution under Constitution--e.g., by contract attorneys. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "'*adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

## INSTRUCTIONS TO PETITIONER

Under Rule 8 of the Federal Rules of Civil Procedure an initial pleading must contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). The requirements of Rule 8(a) are intended to guarantee "that [respondents] enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Pro se litigants are not excused from Rule 8's minimal pleading requirements. After all, "a pro se [litigant] requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991). Indeed, the Court's proper function is not to take "the role of advocate for a pro se litigant." *Id.* at 1110.

Thus, the Court cannot "supply additional facts, [or] construct a legal theory for [petitioner] that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Petitioner should observe the following points before filing an amended petition:

(a) Revised petition must stand entirely on its own and not refer to, or incorporate by reference, any part of the original petition or any other prior documents filed by Petitioner. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (amendment supersedes original)

(b) Petitioner must name current custodian (warden or ultimate supervisor of imprisonment facility) as respondent. *See* R.2, Rs. Governing § 2254 Cases in the U.S. Dist. Courts.

(c) Federal rule requires the petition to "(1) specify all the grounds for relief available . . .; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner." R.2(c), Rs. Governing § 2254 Cases in the U.S. Dist. Courts.

(d) Petitioner may generally not bring civil-rights claims (e.g., regarding conditions of confinement) in a habeas-corpus petition.

(e) Claims about Petitioner's underlying conviction and/or sentencing should be brought under 28 U.S.C.S. § 2254 (2020); claims about the execution of Petitioner's sentence should be brought under *id.* § 2241.

(f) Petitioner should get help to prepare initial pleadings from legal resources at Petitioner's facility.

# O R D E R

**IT IS HEREBY ORDERED** that:

**(1)** Petitioner shall have **thirty days** to cure the above deficiencies. In response to this Order, the Court will accept one document entitled, "Amended Petition." Amended Petition shall include all issues, arguments, and citations in one document, with no reference to any other document. Amended Petition is the only document the Court will review to determine whether to order Respondent to answer. R.4, Rs. Governing § 2254 Cases in the U.S. Dist. Cts. (stating court--on its own--shall examine petition for petitioner's entitlement to relief and dismiss petition or order answer as warranted).

**(2)** The Clerk's Office shall mail Petitioner a copy of the Pro Se Litigant Guide with a proper form petition for Petitioner to complete, according to directions.

**(3)** If Petitioner fails to timely cure the above-noted deficiencies, as instructed here, this action will be dismissed without further notice.

DATED this 14th day of April, 2021.

BY THE COURT:

JUDGE CLARK WADDOUPS
United States District Court