IN THE UNITED STATES DISTRICT COURT DISTRICT OF UTAH

| | |
|---|---|
| PATSY PILLA III,<br><br>Petitioner,<br><br>v.<br><br>SERGEANT SHOELL,<br><br>Respondent. | **MEMORANDUM DECISION & ORDER DISMISSING § 2254 PETITION**<br><br>Case No. 2:20-CV-77-CW<br><br>District Judge Clark Waddoups |

Petitioner, Patsy Pilla III, petitions for federal habeas relief regarding Utah state convictions. *See* 28 U.S.C.S. § 2254 (2021).[1] The Court deemed Petitioner's first petition deficient and gave Petitioner guidance to help Petitioner file a sufficient amended petition. (ECF No. 2.) Petitioner then filed the ordered amended petition. (ECF No. 3.)

"If it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ." R. 4, Rs. Governing § 2254 Cases in U.S. Dist. Courts. Such is the case here. Having carefully considered Petitioner's Amended Petition, (ECF No. 3), the Court concludes that--on their face--its claims are untimely, *see* 28 *id*. § 2244(d)(1); procedurally defaulted; and patently meritless. The Amended Petition is therefore dismissed with prejudice.

---

[1]Section 2254 reads in pertinent part:
> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C.S. 2254(a) (2021).

## BACKGROUND

After pleading guilty to lewdness and attempted aggravated sexual assault, Petitioner was sentenced around August of 2003 to a term of fifteen-years-to-life. (Am. Pet., ECF No. 3, at 1.) Petitioner neither appealed nor petitioned for state-postconviction relief. (*Id.* at 2-3.)

These are the grounds raised: (1) "Defamation of character," supported only by the statement, "I can't think straight anymore." (*Id.* at 5.) (2) "I think I deserve a second chance to go back to the State of New Jersey just like everyone else," supported by the statement, "I am sorry for what I did, this is the first time this ever happened. I was drug induced at the time this occurred." (*Id.* at 7.) (3) "I just want to go home," supported by the statement, "Because I was locked up for 18 long years on this case." (*Id.* at 8.) And, (4) "I am mentally ill," supported by the statement, "I am paranoid and schizophrenic." (*Id.* at 10.)

## ANALYSIS

### I. Period of Limitation

Federal law imposes "a 1-year period of limitation . . . to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C.S. § 2244(d)(1) (2021). The period generally runs from the day "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* Utah requires a notice of appeal to be filed "within 30 days after the date of entry of the judgment or order appealed from." Utah R. App. P. 4(a). "Failure to timely file an appeal … constitutes a waiver of the right to appeal." *State v. S.H.*, 2002 UT 118, ¶ 23.

Petitioner's judgment was entered around August of 2003. (ECF No. 3, at 1.) The last day to file a timely notice of appeal was thirty days later--around September of 2003. But Petitioner did not file a notice of appeal. (*Id.* at 2.) Thus, the federal one-year limitation period began running around September 2003 and expired around September of 2004. Petitioner filed this action on February 6, 2020, nearly sixteen years later. (ECF No. 1.)

**A. Statutory Tolling**

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C.S. § 2244(d)(2) (2021). Because Petitioner did not file a state post-conviction case, the limitation period was not paused.

**B. Equitable Tolling**

So, Petitioner has no ground for statutory tolling. Petitioner does, however, hint that the untimely filing may be excused due to mental illness.

The Court addresses whether that circumstance triggers equitable tolling to save Petitioner from the period of limitation's operation. "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. U.S. Dist. Court*, 128 F.3d 1283, 1288 (9th Cir. 1997) (citation omitted). Those situations include times "'when a prisoner is actually innocent'" or "'when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.'" *Stanley v. McKune*, No. 05-3100, 2005 U.S. App. LEXIS 9872, at *4 (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted)). And, Petitioner "has the burden of demonstrating that

equitable tolling should apply." *Lovato v. Suthers*, No. 02-1132, 2002 U.S. App. LEXIS 14371, at *5 (10th Cir. July 15, 2002) (unpublished). Against the backdrop of these general principles, the Court considers Petitioner's specific argument.

### 1. Extraordinary Circumstances

Petitioner possibly asserts that late filing should be overlooked due to mental disability. "Equitable tolling of a limitations period based on mental incapacity is warranted only in exceptional circumstances that may include an adjudication of incompetence, institutionalization for mental incapacity, or evidence that the individual is not capable of pursuing his own claim because of mental incapacity." *Reupert v. Workman*, 45 F. App'x 852, 854 (10th Cir. 2002) (unpublished) (quotations omitted); *see also Rantz v. Hartley*, 577 F. App'x 805, 810 (10th Cir. 2014) (unpublished) ("[F]ederal courts equitably toll the limitations period only when there is a severe or profound mental impairment, such as resulting in institutionalization or adjudged mental incompetence.") (citing *Fisher v. Gibson*, 262 F.3d 1135, 1143, 1145 (10th Cir. 2001)). Indeed, "'mental impairment is not *per se* a reason to toll a statute of limitations.'" *Rantz*, 577 F. App'x at 810 (quoting *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009)); *see also Saenz-Jurado v. Colorado*, 329 F. App'x 197, 199 (10th Cir. 2009) (rejecting mental illness as basis for equitable tolling when related allegations were conclusory and lacked support in record). It is important to note that the Tenth Circuit "'has yet to apply equitable tolling on the basis of mental incapacity.'" *Rantz,* 577 F. App'x at 810 (quoting *McCall v. Wyo. Att'y Gen.*, 339 F. App'x 848, 850 (10th Cir. 2009)); *see also Akre v. Allbaugh*, 720 F. App'x 942, 944 n.1 (10th Cir. 2018) (unpublished) ("[W]e have repeatedly denied certificates of appealability based on arguments for equitable tolling predicated on mental illness." (citing *Rantz*, 577 F. App'x at 810-11)). Finally, "'it is not enough for a party to show that he experienced extraordinary circumstances. He must

further demonstrate that those circumstances caused him to miss the original filing deadline.'" *Id*. at 811 (quoting *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011)).

Petitioner has not met this burden here; in other words, Petitioner has not suggested any of these exceptional circumstances and linked such circumstances to actual dates and lack of mental capacity. Petitioner has not even hinted at an adjudication, institutionalization, or evidence that, between August 2003 and February 2020, Petitioner suffered from such mental incapacity that it was impossible to pursue habeas claims. Petitioner has not stated why Petitioner was able to file a habeas case on February 6, 2020, but not during the period of limitation and many years beyond. *See Sampson v. Patton*, 598 F. App'x 573, 575-76 (10th Cir. 2015) (denying equitable tolling based on assertion of mental illness when Petitioner did not specify or provide evidence of timeline of mental incapacitation); *Rawlins v. Newton-Embry*, 352 F. App'x 273, 275-76 (10th Cir. 2009) (unpublished) ("[Petitioner] does not provide a date or even a month to narrow the time frame--she does not state when this nervous breakdown began, how long it lasted, or describe her level of impairment during this period."); *Brown v. Dinwiddie*, 280 F. App'x 713, 715 (10th Cir. 2008) (unpublished) (rejecting equitable tolling where lack of specific timeline linking mental illness to inability to pursue habeas claims).

Petitioner has not suggested that--during the running of the federal period of limitation and beyond--Peitioner faced extraordinary circumstances that kept Petitioner from timely filing or taking specific steps to "'diligently pursue . . . federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008). Petitioner thus has not satisfied this basis for equitable tolling.

## 2. Actual Innocence

Petitioner has not argued actual innocence.

### 3. Summary

Petitioner has not met the burden of suggesting or showing that--during the running of the federal period of limitation and beyond--Petitioner faced extraordinary circumstances that stopped timely filing or that Petitioner took specific steps to "'diligently pursue . . . federal claims.'" *Id.* at 930. Nor has Petitioner suggested actual innocence; to the contrary, Petitioner has admitted commission of the crimes. Accordingly, equitable tolling does not apply here.

### II. Alternative Basis for Dismissal: Procedural Default

In general, before a petitioner may seek review of a Utah conviction in federal court, the petitioner must exhaust all remedies in Utah courts. *See* 28 U.S.C.S. § 2254(b), (c) (2021); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Knapp v. Henderson*, No. 97-1188, 1998 U.S. App. LEXIS 28232, at *5 (10th Cir. Nov. 9, 1998). To exhaust remedies, Petitioner must properly present to the highest Utah court the federal constitutional issues on which relief is sought. *See Picard*, 404 U.S. at 276; *Knapp*, 1998 U.S. App. LEXIS 28232, at *7. Here, Petitioner did not present any issue for direct or collateral review in Utah courts. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). Petitioner's claims before this Court are therefore unexhausted.

The United States Supreme Court has declared that when a petitioner has "'failed to exhaust his state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred' the claims are considered exhausted and procedurally defaulted for purposes of federal

habeas relief." *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)).

Utah's Post-Conviction Remedies Act states:

> A person is not eligible for relief under this chapter upon any ground that . . . could have been but was not raised at trial or on appeal; was raised or addressed in any previous request for post-conviction relief or could have been, but was not, raised in a previous request for postconviction relief; or is barred by the limitation period established in Section 78B-9-107.

Utah Code Ann. § 78B-9-106(1) (2021); *cf. Hale v. Gibson*, 227 F.3d 1298, 1328 (10th Cir. 2000). Section 78B-9-107 states, "A petitioner is entitled to relief only if the petition is filed within one year after the cause of action accrued." Utah Code Ann. § 78B-9-107(1) (2021).

"This court may not consider issues raised in a habeas petition 'that have been defaulted in state court on an independent and adequate procedural ground[] unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice.'" *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (alteration omitted) (citation omitted).

Again by mentioning health issues, Petitioner possibly argues cause and prejudice are at play here. "[T]o satisfy the 'cause' standard, Petitioner must show that 'some objective factor external to the defense' impeded his compliance with Utah's procedural rules." *Dulin v. Cook*, 957 F.2d 758, 760 (10th Cir. 1992) (citations omitted). Meanwhile, to demonstrate prejudice, "'[t]he habeas petitioner must show not merely that . . . errors . . . created a possibility of prejudice, but that they worked to his *actual* and substantial disadvantage.'" *Butler v. Kansas*, 57 F. App'x 781, 784 (10th Cir. 2002) (unpublished) (alteration in original) (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (emphasis in original)).

Petitioner has not met the burden of showing that objective factors external to the defense hindered the meeting of state procedural demands. Petitioner's possible suggestion that poor

mental health excuses procedural default is cursorily offered with no supporting factual detail or evidence. *See Needham v. Utah*, No. 2:16-CV-146 JNP, 2018 U.S. Dist. LEXIS 2538, at *5 (D. Utah Jan. 5, 2018), *aff'd*, 742 F. App'x 373, 376 (10th Cir. 2018) (unpublished). Indeed, this factor is *internal* to Petitioner's "defense."

In sum, the Court concludes that Petitioner's issues are procedurally defaulted. And, these issues do not qualify for consideration under the cause-and-prejudice exception to the procedural bar.

### III. Second Alternative Basis for Dismissal: Merits

The federal habeas-corpus statute provides that a "district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.S. § 2254 (2021). However, none of Petitioner's asserted grounds suggest a federal constitutional or other federal basis for relief. Petitioner has thus failed to state a claim upon which relief may be granted.

### CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C.S. § 2253(c)(2) (2021). Petitioner may satisfy this standard by demonstrating that jurists of reason could debate whether the petition should have been resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484, (2000); *see also Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012). After

considering this Order, the Court concludes that reasonable jurists could not debate the Court's determination that Petitioner's habeas petition is subject to dismissal. Because Petitioner cannot make the required showing, the Court declines to issue a certificate of appealability.

## CONCLUSION

Petitioner's claims are inexcusably untimely and procedurally defaulted. Further, Petitioner fails to state a claim upon which relief may be granted

**IT IS THEREFORE ORDERED** that the Amended Petition is **DENIED**. (ECF No. 3.)

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

This action is **CLOSED**.

DATED this 9th day of July, 2021.

BY THE COURT:

_____
JUDGE CLARK WADDOUPS
United States District Court